FILED

06 NOV -9 AM 11: 50

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY          DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 94CR46 R |
|---|---|
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART REQUEST FOR RECONSIDERATION |
| vs. | |
| MAJID ZAHEDI, | |
| Defendant. | |

## I. Introduction

On March 10, 2006, the court issued a writ of garnishment which the government sought in order to enforce an award of restitution imposed as part of the criminal sentence of defendant Majid Zahedi ("defendant"). Defendant requested a hearing regarding the issuance of the writ, which he was given. The court then concluded that the writ of garnishment was properly issued and that there was no basis for quashing the writ of garnishment. Defendant then filed a motion for reconsideration, which this order addresses.

## II. Background

Defendant pled guilty in 1996 to one count of conspiracy to damage and destroy property in and affecting commerce, one count of conspiracy to use one or more unauthorized access devices, and 91 counts of mail fraud. In his plea agreement, under the heading "DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK" defendant agreed to "waive[] any right to appeal the conviction and sentence, unless the Court imposes a custodial sentence greater than the high end of the offense level recommended by the Government

- 1 -

94CR0046

pursuant to this agreement." Government's Exhibit 8 at page 11. In addition, defendant agreed "not to collaterally attack his conviction or sentence, as provided by law." Id.

On April 8, 1996, defendant was sentenced to 51 months imprisonment to be followed by three years supervised released. Defendant was also ordered to pay restitution to the International House of Pancakes in the amount of $ 109,580.58 and to Farmers Insurance Group of Companies, Carlsbad Commercial Claims Office in the amount of $ 415,031.63. The court notes that defendant, through his counsel, affirmatively accepted the amount of the loss attributed to Farmers Insurance. Government's Exhibit 6, Transcript at 6:10-11. A special assessment was also imposed in the amount of $ 4700.00. Defendant did not appeal his sentence.

From July 5, 1996, through February 13, 2001, defendant paid a total of $1655.00, which was applied to his $4700.00 penalty assessment, leaving a penalty assessment balance of $3,045.00. In addition, defendant made a payment of $49.75, which was applied to the restitution balance, leaving a principal restitution balance of $524,562.46.

On March 8, 1999, the court denied defendant's oral motion to cancel his restitution payments.

On February 22, 2000, defendant again made an oral motion to modify his restitution payments. The court ordered defendant's counsel to submit a written motion to the court, which counsel failed to do.

On August 28, 2003, defendant filed a motion styled "Motion for Relief" in which he requested that the court set aside the restitution award pursuant to Fed.R.Civ.P. 60(b). On December 4, 2003, the court denied the motion. Defendant did not appeal that order.

Between January 2004 and January 2005, defendant made one payment in the amount of $143.86.

On January 12, 2005, defendant filed a second motion to set aside the restitution portion of his sentence. That motion was denied in an order filed May 24, 2005. Also on May 24, 2005, the government reduced defendant's monthly payment to $20.00 a month. From July 28, 2005 through January 15, 2006, defendant made sporadic payments in amounts less than

1 | the required $20.00 a month.

2 | On January 13, 2006, the United States Attorney's Financial Litigation Staff mailed defendant a notice informing him that garnishment proceedings would be instituted if he failed to make payment on the penalty assessment and restitution award. At that time, defendant was, in light of the May 24, 2005 payment schedule, delinquent in his monthly payments in the amount of $92. Defendant failed to comply with his obligations under the payment schedule after receiving this notice.

Consequently, on March 10, 2006, the United States Attorney's Financial Litigation Staff sought and obtained from the United States District Court Clerk's Office a writ of garnishment. On March 16, 2006, the U.S. Marshal served the writ of garnishment on defendant's employer. Defendant's employer, as a garnishee, filed an answer on March 20, 2006, as required by law. On March 21, 2006, defendant filed a Request for Hearing on Application for Writ of Continuing Garnishment. After a hearing, the court refused to quash the writ. Defendant then brought the present motion for reconsideration.

### III. Analysis

#### A. Should the Court Quash the Writ?

As a preliminary matter, and for reasons that will become clear, the court must determine under which statute the court relied in awarding restitution in this case. In its April 4, 2006 order, the court, relying solely on the government's representations, stated in passing that the restitution award was imposed pursuant to the Mandatory Victims Restitution Act ("MVRA") of 1996. However, the MVRA did not become effective until April 24, 1996 – after defendant was sentenced. Because the MVRA was not effective at the time of defendant's sentencing, the court concludes that it relied on the Victim Witness Protection Act ("VWPA") and not the MVRA when it included restitution as a part of defendant's sentence, a point the government now concedes. See Government's Response and Opposition at 10:26-11:9.

The writ that defendant challenges was issued pursuant to the Federal Debt Collection Porcedures Act ("FDCPA"), 28 U.S.C. § 3001, et seq. "Debt" as that term is defined in the

FDCPA means "*an amount that is owing to the United States on account of* a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, *restitution*, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, *or other source of indebtedness to the United States . . . .*" 28 USCA § 3201(3)(b). As the First Circuit has explained, although restitution is a debt that may be collected by the government pursuant to the FDCPA, not all restitution awards fall within the meaning of the term "debt" as defined in § 3201(3)(b). As the First Circuit has explained:

> The FDCPA does not state that every order of restitution, no more than every "rent" or every type of "reimbursement," constitutes an included debt. Rather, the text limits the statute's applicability to restitution that implicates a "source of indebtedness to the United States." Id. (emphasis supplied). This added language reintroduces the concept of benefit. Some restitutionary orders create debts that owe beneficially to the federal government and thus fall within the purview of the FDCPA. A prototypical case is United States v. Gelb, 783 F.Supp. 748 (E.D.N.Y.1991). Gelb involved restitution under the RICO statute. Since that statute declares that a convicted person must "forfeit to the United States" any ill-gotten gains, see 18 U.S.C. § 1963(a) (1994), the federal government is the direct beneficiary of the restitution order and the order thus creates a debt collectible under the FDCPA. See Gelb, 783 F.Supp. at 752. But other types of restitution, which, when paid, will not increase public revenues (say, restitution to an individual victim of a crime), do not come within the statutory encincture. In short, we cannot isolate a single word-"restitution"-and conclude that every order bearing that label automatically falls within the FDCPA's grasp. The federal government may collect under the FDCPA only restitution that is "owing to the United States." 28 U.S.C. § 3002(3).

United States v. Bongiorno, 106 F.3d 1027, 1039 (1st Cir. 1997). In Bongiorno, the defendant was convicted of violating the Child Support Recovery Act ("CSRA"). He was sentenced to five years probation and ordered to pay restitution. The government then commenced a civil proceeding under the FDCPA as a means of enforcing the restitutionary order. The First Circuit concluded that because restitution ordered under the CSRA is not "owed to the United States in an economically meaningful sense," the government could not utilize the FDCPA in order to collect the award.

Here, defendant was ordered to pay restitution to Farmers Insurance and IHOP. As in Bongiorno, there is no basis for concluding that the restitution ordered in this case is owed to

the United States so that the government may utilize the procedures of the FDCPA to collect it. Of course, had restitution been imposed pursuant to the MVRA, the result would be different, because the MVRA "expressly . . . . provides that the FDCPA's civil enforcement remedies may be used to enforce orders of restitution entered under the MVRA." <u>United States v. Mays</u>, 430 F.3d 963 (9th Cir. 2005).

**B.    Should the Court Set Aside the Judgment?**

Defendant also argues that the Court should set aside a judgment, although it is unclear to what judgment defendant refers.

On page 7 of his papers, defendant states that "this Court should affirm him relief by setting aside the civil judgment in the amount of the restitution amount . . . ." However, there is no basis for concluding that there is a civil judgment to set aside. Although the government requested and received an abstract of judgment in this criminal case which is treated under the FDCPA as a civil judgment, it is not in fact a civil judgment. <u>See</u> <u>United States v. Mindel</u>, 80 F.3d 394, 398 (9th Cir. 1996) ("Even though the VWPA allows victims to enforce restitution orders as if they were civil judgments, the VWPA did not transform restitution orders into civil judgments.").

To the extent that defendant seeks to set aside the restitution portion of his criminal judgment, the court need not consider whether the restitution portion of defendant's sentence was improperly imposed because defendant's challenge comes too late. The proper method of challenging a restitution order imposed as part of a criminal sentence is to file a direct appeal of the sentence, which defendant did not do. <u>See, e.g.</u>, <u>United States v. Jackson</u>, 982 F.2d 1279 (9th Cir. 1992) (addressing propriety of restitution order on direct appeal of sentence); <u>see also</u> <u>United States v. Kramer</u>, 195 F.3d 1129 (9th Cir. 1999) (holding that restitution portion of sentence could not be challenged by means of a § 2255 motion); <u>cf.</u> <u>United States v. Mosavi</u>, 138 F.3d 1365, 1366 (11th Cir.1998) ("The judgment and order that the defendant contests were entered, not in a civil case, but in a criminal case, and a proper appeal of the forfeitures should have been raised in the defendant's criminal appeal of his conviction and sentence.").

Moreover, although the civil rules of procedure may apply where a defendant seeks to challenge a writ of garnishment sought pursuant to the FDCPA, see 28 U.S.C. § 3203(f) ("Except as provided otherwise in this chapter, the Federal Rules of Civil Procedure shall apply with respect to actions and proceedings under this chapter."), as the Eleventh Circuit has recognized, "Rule 60(b) simply does not provide for relief from judgment in a criminal case . . . ." Mosavi, 138 F.3d at 1366. The one case cited by defendant, United States v. Armstrong, 2005 WL 937857 (N.D.Tex. 2005), does not hold otherwise. In that case, defendant's representations to the contrary notwithstanding, Armstrong relied on Rule 60(b) in challenging the *garnishment order*, *not* the underlying criminal sentence. See id. at *3 ("After the Court appointed the Federal Public Defender, Armstrong filed a motion to set aside the garnishment order under Fed. R. Civ. P. 60(b)(5) and 60(b)(6) . . . . He has not sought to have the criminal judgment modified.")

### IV. Conclusion

For the reasons set forth above, defendant's Request to Reconsider April 4 and April 11 Orders Issuing Writs of Garnishment and Amended Request to Reconsider April 4 and April 11 Orders Issuing Writs of Garnishment and granted in part and denied in part. The writ of garnishment is quashed and the garnishment order is vacated. To the extent that defendant seeks to set aside the restitution portion of his criminal sentence and judgment, the request is denied.

**IT IS SO ORDERED.**

DATED: 11/13 ,2006

JOHN S. RHOADES, SR.
United States District Judge

cc: All parties